UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-385-H

HUMANA HEALTH PLANS, INC.                                               PLAINTIFF

V.

PATTI POWELL                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Humana Health Plans, Inc. ("Humana") has sued Defendant, Patti Powell ("Powell"), for reimbursement of medical expenses that Humana paid under the terms of an employee benefit plan. After Powell moved to dismiss, the Court filed an extensive Memorandum Opinion dated December 1, 2008, sustaining the motion on the grounds that (1) Humana had an equitable remedy available under 29 U.S.C. § 1132, (2) the make whole doctrine did not bar its claim, but (3) Humana's failure to intervene and assert its subrogation rights under KRS 411.188 barred its remedy.

      The Court has discussed the relevant facts at some length in that opinion. In short, Powell settled her personal injury claims for around $550,000 and Humana wishes to recoup about $25,000 for the medical services it provided arising from the injuries Powell claimed in these lawsuits. The result of the Court's opinion was to deny Humana the ability to recover medical expenses it had paid for Powell's benefit.

      Humana has now moved for reconsideration on the grounds that ERISA preempts the

application of KRS 411.188 in these circumstances.[1]  For some reason, the parties did not raise this issue in their initial briefing.  Because this question is fundamental to our case, the Court will consider it now.

I.

No court has addressed whether ERISA preempts the operation of KRS 411.188 in these circumstances.  ERISA does preempt any state law, "insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  The purpose of such a preemption is to establish a uniform nationwide governance of ERISA transactions, rather than different set of rules in each state.  As the United States Supreme Court has said, "this broadly worded provision is 'clearly expansive.'" *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (citing *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). ERISA preempts when a law has a "connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890 (1983). KRS § 411.188 has a connection to an ERISA plan because it limits the plan's subrogation rights where it has failed to intervene in a pending litigation between a plan beneficiary and a third party.

Nevertheless, a statute may be "saved" from preemption under ERISA's savings clause. 29 U.S.C. § 1144(b)(2)(A). A law will not be preempted where it "regulates insurance." *Id.* The Supreme Court established a two-part test to determine whether a law regulates insurance. *Kentucky Ass'n of Health Plans v. Miller, Inc.*, 538 U.S. 329 (2003).  A law does so where (1) it is specifically directed toward entities engaged in insurance, and (2) it substantially affects the

---

[1] Humana also argues that KRS 411.188 applies only to rights of subrogation, not those of reimbursement which Humana says are at issue here.  However, the Court need not resolve that issue here.

risk-pooling arrangement between the insurer and the insured. *Id*. at 342. KRS § 411.188 does not specifically mention entities engaged in insurance. Rather, the law is directed at any party with subrogation rights. Thus, a plain reading of KRS 411.188 suggests that the statute is not directed specifically to regulation of insurance. Thus, it would not be "saved" from preemption.

Though the Sixth Circuit has not addressed a similar circumstance, the Third Circuit has. That court analyzed whether ERISA preempted the New Jersey collateral source statute which ERISA insureds interposed as a bar to the Plan's subrogation claims. The Third Circuit reversed the district court, holding that the collateral source statute was one of general operation, not directed toward insurance companies, and, therefore, not saved from preemption. *Levine v. United Healthcare Corp.*, 402 F.3d 156, 164-66 (3rd Cir. 2005). The court advanced two reasons why the statute was not directed at the insurance industry. First, the statute was not placed within the chapter that regulates the insurance industry, and second, the statute applied to "any civil action" not merely those that involve an insurer. *Id.* at 164-66. This seems to be a reasonable approach for analyzing the question.

Such an analysis must conclude that both factors in *Levine* apply with equal strength here. KRS § 411.188 is not found in the chapter of the Kentucky statutes that regulate insurance and it applies to any party with subrogation rights, not merely insurers. Indeed, the New Jersey collateral source statute seems more directed toward insurance companies than KRS 411.188. Issues of collateral source are more likely to involve insurance companies than subrogation claims. Powell does not directly address whether ERISA preempts the statute. Instead, she argues that Kentucky's common law rule of estoppel bars Humana's claims. In short, Powell more or less concedes preemption. Indeed, general logic and the Third Circuit's reasonable

3

approach strongly support such a result.

For all those reasons, the Court concludes that KRS 411.188 is a general statute constraining those who seek a subrogation, or perhaps reimbursement from the proceeds of a pending case. Thus, ERISA's equitable remedy provisions would seem to preempt its application here.

II.

Defendant has another argument grounded upon one of this Court's decisions. She cites *Health Cost Controls v. Wardlow*, 825 F.Supp. 152 (W.D. Ky. 1993), *aff'd*, 47 F.3d 1169 (6th Cir. 1995) for the proposition that Humana is barred from enforcing the Plan's reimbursement provisions because it failed to include these provisions in its certificate of insurance.[2] The analogy to *Wardlow* fails for several reasons.

The statutes considered in *Wardlow*, KRS §§ 304.14-180(2) and 304.18-080(2), require that the insurer provide notice of policy limitations to insureds who pay premiums and to those who apply for insurance. The argument fails on the preemption issue because relevant sections of KRS Chapter 304 do relate to insurance, while KRS Chapter 411 does not. The argument fails as a substantive matter because Powell does not meet the threshold requirements of KRS § 304.18-080(2). Powell neither paid premiums nor submitted an application. Powell was an insured based solely upon her relationship to her husband, the primary insured. Thus, Humana's failure to provide Powell with a certificate of insurance containing the relevant policy limitations does not bar enforcement of the policy provisions here as it did in *Wardlow*.

---

[2]Indeed, *Wardlow* has a superficial similarity to the instant case in that the defendant in *Wardlow* objected to the insurer's claim of reimbursement on the grounds that, as here, KRS 411.188 barred subrogation because the insurer had not intervened in the insured's tort action. However, the *Wardlow* opinion did not discuss this particular issue. *Wardlow*, 825 F.Supp. 152 at 155-56.

Certainly, the Court's analysis in this new Memorandum changes the previous result. However, the new reasons justify the change under the applicable law. Ultimately, it is the Court's responsibility to get the answer right. Under this analysis, Powell cannot rely upon KRS 411.188 to prevent Humana from exercising its lawful ERISA remedies. For all of these reasons, the Court finds sufficient reasons to reconsider and withdraw its Memorandum Opinion and Order dated December 1, 2008.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that, upon reconsideration, the Court will WITHDRAW its Memorandum Opinion and Order dated December 1, 2008 to the extent that it conflicts with this Memorandum Opinion.

IT IS FURTHER ORDERED that Defendant's original motion to dismiss is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is restored to the active docket and the Court will set a conference in the near future to determine the nature of the available relief, if any.

This is NOT a final order.

cc:     Counsel of Record