UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-385-H

HUMANA HEALTH PLAN, INC.                                                                                      PLAINTIFF

V.

PATTI POWELL                                                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In this case, Plaintiff, Humana Health Plan, Inc., seeks a constructive trust to recover reimbursement of medical expenses it paid on behalf of its insured, Defendant Patti Powell. In short, Ms. Powell sustained significant injuries in an automobile accident and Plaintiff paid $24,518.41 towards her medical bills. Subsequently, Ms. Powell settled a state court lawsuit regarding the accident with her insurance company and the other driver's insurance company for approximately $550,000. Plaintiff claims that under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, it is entitled to equitable relief in the form of a constructive trust on $24,518.41 of the exact proceeds from the settlement. Plaintiff has moved for summary judgment.

The Court has previously considered many of the issues involved in this case. In a December 1, 2008, Memorandum Opinion (DN # 35), the Court thoroughly discussed the facts of the case and ruled that equitable relief in the form of a constructive trust would be available to Plaintiff if the funds dispersed directly to Ms. Powell are traceable. However, the Court also ruled that Plaintiff was barred from proceeding because it failed to intervene in Ms. Powell's state court action as required by KRS § 411.188. Plaintiff then moved for reconsideration and

1

alerted the Court that ERISA preempts the Kentucky statute. On February 24, 2009, the Court entered a Memorandum Opinion and Order (DN # 43) sustaining Plaintiff's motion to reconsider and withdrawing the December 1, 2008, Memorandum Opinion to the extent it found Plaintiff was barred from proceeding by KRS § 411.188.

Given the combined effect of these two opinions, the only question for the Court is whether the funds dispersed directly to Ms. Powell are traceable. Assuming the funds can be directly traced to assets controlled by Ms. Powell, Plaintiff is entitled to a constructive trust over those funds under ERISA. *See Sereboff v. Mid Atl. Med. Serv., Inc.*, 547 U.S. 356 (2006). Plaintiff submitted supplemental interrogatories to Ms. Powell asking about her use of the settlement funds and their current location. While Ms. Powell has dispersed of some of the funds, a significant sum remains in savings accounts and CDs started with the settlement proceeds. Specifically, Ms. Powell stated she made the following investments: (1) $25,000 in a money market with Bedford Bank; (2) $75,000 in a CD with Bedford Bank; (3) $30,000 in a money market with Republic Bank; and (4) $25,000 in a money market with Fifth Third Bank. These funds are clearly traceable to the settlement proceeds and any one of these accounts is sufficient to satisfied the constructive trust sought by Plaintiff.

In response, Ms. Powell argues that a Court can only create a constructive trust where the defendant was a "conscious wrongdoer." For this proposition, she relies on *Bd. of Trs. For Laborers Health & Welfare Fund for Northern California v. Hill*, No. C 07-5849 CW, 2009 WL 774093 (N.D.Cal. March 23, 2009). There, the funds the defendant received from a settlement had been commingled with other funds to purchase a condominium and a car, both of which diminished in value. The court referenced Restatement of Restitution § 210 for the proposition

that where commingling occurs and the subsequently obtained property decreases in value, the plaintiff may get a constructive trust over the entire amount of its funds used to purchase the property, without depreciation, if the defendant was a "conscious wrongdoer." In this case, Ms. Powell did not commingle her funds and made no purchases that diminished in value. Thus, the "conscious wrongdoer" standard has no application. Moreover, in *Sereboff*, the Supreme Court stated, "This rule allowed them to follow a portion of the recovery into the [Sereboff's] hands as soon as [the settlement fund] was identified, and impose on that portion a constructive trust or equitable lien." *Sereboff*, 547 U.S. at 364 (changes in original) (quotations omitted). Nothing in *Sereboff* indicates that "conscious wrongdoing" is required for a constructive trust under these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is SUSTAINED. Plaintiff is entitled to a constructive trust over $24,518.41 of the assets held by Ms. Powell that are directly traceable to settlement. At this time, all funds in the accounts listed in this Memorandum Opinion are not to be moved or used by Ms. Powell in any manner.

IT IS FURTHER ORDERED that the parties have ten (10) days to submit a proposed agreed order establishing over which account the constructive trust will be created. If the parties have any objection to the proposed order, they are to contact the Courtroom Deputy, Ms. Andrea Kash, at (502) 625-3538 to set up a telephonic conference with the Court.

This is not a final order.

cc: Counsel of Record